UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SETH BENZION,

    Plaintiff,

v.

SIXTY VINES WINTER PARK, LLC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SETH BENZION, by and through his undersigned counsel, sues the Defendant, SIXTY VINES WINTER PARK, LLC, and alleges as follows:

### JURISDICTION AND VENUE

1.   This is an action for damages and to remedy violations of the rights of SETH BENZION under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act of 1992, as amended ("Chapter 760" or the "FCRA"), to redress injuries done to him by the Defendant, SIXTY VINES WINTER PARK, LLC ("Defendant").

2.   The unlawful acts which gave rise to this Complaint occurred within Orange County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

### PARTIES

3.   At all times material hereto, Plaintiff has been a citizen and resident of Orange County, Florida and is otherwise *sui juris*.

1

4. As a Jewish man, Plaintiff is a member of a protected class under Title VII and Chapter 760, because the terms, conditions, and privileges of his employment were altered because of his religion.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and Chapter 760 (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on March 14, 2022. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (copy of the Notice is attached hereto as Exhibit "A".

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendant hired Plaintiff on October 10, 2020 as a sous chef. The Plaintiff did so well in such a short period of time that, on December 1, 2020, Mr. Daniel Reifel, prior General Manager, and Mr. Micah Willix, Culinary Director, promoted him to executive chef.

12. The Plaintiff's job duties included overseeing menu development, food preparation, ordering, inventory, and management of labor.

13. Plaintiff was qualified for the position he had based on his experience and training.

14. As the Defendant is aware, Plaintiff is a Jewish man.

15. On January 13, 2021, the Defendant's Winter Park location was named as the head training location for all stores as well as the "test kitchen" for the brand under the Plaintiff's leadership.

16. In March 2021, the Defendant put the Plaintiff in charge of training the executive chef, sous chef, and the two lead line cooks for the Defendant's new Nashville location. The Plaintiff was doing so well and was looking forward to what the future would bring. Unfortunately, the Plaintiff's excitement was short lived.

17. On May 12, 2021, the Plaintiff arrived for his shift at 2 p.m. At around 3 p.m., Mr. Dominick Dellederra, General Manager, approached the Plaintiff and asked him if he had a second to go outside and chat. The Plaintiff said that he had time and followed him outside. There, Mr. Dellederra informed the Plaintiff that he had no choice but to terminate his employment. The Plaintiff was shocked and asked why. Mr. Dellederra told the Plaintiff that it was because of an Instagram post. The Plaintiff was extremely confused because he didn't post anything. Mr. Dellederra told the Plaintiff that he had put two "laughing reaction emojis" in response to the Plaintiff's Instagram friend, Laila Farah's, stories.[1] Ms. Farah had posted two memes in her Instagram stories regarding the Israeli-Palestinian conflict and the then-ongoing hostilities.[2]

---

[1] Instagram stories allow the account holder to post photographs for 24 hours, after which point the photographs disappear. Followers of the account can respond directly to the account holder. Responses are not public and are only received by the account holder.
[2] The particular memes mocked and belittled Israelis and the Jewish connection to the land of Israel.

Plaintiff sent this emoji "😂" in a private response to Ms. Farah. Ms. Farah does not work for the Defendant. The Plaintiff only knew her because she was a pastry chef at his previous job. As it turned out, Ms. Farah took screenshots of the Plaintiff's "reactions" to her two stories and posted those screenshots on the Defendant's social media page. Mr. Dellederra showed the Plaintiff screenshots of his "reactions" to Ms. Farah's stories but did not show him Ms. Farah's post on the Defendant's Facebook page. Her posts had already been deleted from Defendant's Facebook page. The Plaintiff told Mr. Dellederra that those "reactions" were private. Mr. Dellederra said that he would talk to the higher ups to see if there was anything he could do. Shortly after, Mr. Dellederra said that there was nothing that could be done. The Plaintiff told him that it was really unfair and that he felt as though the Defendant was targeting him for being Jewish and being a strong supporter of Israel. Mr. Dellederra did not reply.

18. The Plaintiff went into the restaurant to gather his personal items. Mr. Saxon Velez, sous chef, approached him and asked what was going on. The Plaintiff told him everything because he had known Mr. Velez for a long time and he and the Plaintiff both worked with Ms. Farah at their previous job. Mr. Velez spoke to Mr. Dellederra to see if there was a better way to handle the situation, but to no avail.

19. During the next few days, the Plaintiff received several texts and emails from the Defendant's staff saying that they loved working for him and felt terrible regarding how everything was handled and wished him the best.

20. Plaintiff has engaged the undersigned attorney to prosecute his claims and is entitled to recover his attorney's fees from Defendant pursuant to statute.

**COUNT 1: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of Religion)**

21. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

22. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of his religion, a Jewish man.

23. Mr. Dellederra, at all times relevant, was acting within the course and scope of his employment for Defendant.

24. Because Plaintiff is Jewish, Defendant discriminated against Plaintiff by terminating his employment.

25. Upon information and belief, non-Jewish, similarly situated employees are not terminated for expressing their religious beliefs.

26. Upon information and belief, the Defendant respects the religious beliefs of non-Jewish, similarly situated employees and does not terminate their employment for expressing those religious beliefs.

27. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Defendant discriminating against Plaintiff.

28. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

29. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on

5

account of his religion in violation of Title VII with respect to its decision to terminate the Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with Title VII; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Religion)**

30. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 20, inclusive, as though same were fully re-written here.

31. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

32. Mr. Dellederra, at all times relevant, was acting within the course and scope of his employment for Defendant.

33. Plaintiff is a Jewish man, and therefore a member of a protected class.

34. Because Plaintiff is Jewish, Defendant discriminated against Plaintiff by terminating his employment.

35. Upon information and belief, non-Jewish, similarly situated employees are not treated in the same manner as Defendant treated Plaintiff.

36. Upon information and belief, non-Jewish, similarly situated employees are not terminated for expressing their religious beliefs.

37. At all relevant and material times, Defendant failed to comply with the FCRA.

38. The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's religion.

39. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a Jewish man.

40. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

41. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

42. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his religion in violation of the FCRA with respect to its decision to terminate the Plaintiff. Therefore, Plaintiff is also entitled to punitive damages from Defendant in an amount to be determined at trial

43. Defendant's discriminatory actions against Plaintiff were directly and proximately caused by Defendant's unjustified termination of Plaintiff because he was a Jewish man, in violation of the FCRA.

44. Any allegedly nondiscriminatory reason for the treatment/termination of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's religion.

45. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court grant Plaintiff judgment against Defendant to compensate him for all past and future pecuniary losses, including back pay, front pay, lost benefits, compensatory damages, injury to his professional reputation, emotional pain and suffering for the embarrassment, anxiety, humiliation, and emotional distress caused by Defendant's discriminatory treatment, and punitive damages in an amount to be determined at trial and in accordance with the FCRA; attorney's fees, costs, prejudgment and postjudgment interest, and such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 10th day of June, 2022.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff